UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GEOFFREY W. EDWARDS. | 4:23-CV-4106-LLP |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS** |
| vs. | |
| LISA MAY EDWARDS, MICHAEL STEVENS and TYLER MATSON, | |
| Defendants. | |

Defendants Michael Stevens and Tyler Matson have moved to Dismiss Plaintiff's *pro* se Complaint pursuant to Rules 12(b)(4) for insufficient process, 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 10). For the following reasons, Defendants' 12(b)(4) Motion is denied, but its 12(b)(1) and 12(b)(6) motions are granted. Plaintiff's Motion to Electronically File Documents (Doc. 5), Motion for Automatic Deadline Extensions (Doc. 14), and Motion to Order a Proper Responsive Pleading and Motion for Sanctions (Doc. 16) are denied.

## BACKGROUND

### A.    Background

This litigation stems from a divorce action filed in Yankton, South Dakota in the First Judicial Circuit, 66 Div. 23-14. (Docs, 1, 1-1). Lisa May Edwards is the plaintiff in the divorce action and is represented by attorneys Michael Stevens and Tyler Matson. (Doc. 1-1). Lisa Edwards filed for divorce on January 6, 2023 (Doc. 1-1). Geoffrey W. Edwards is the defendant in the divorce action. *Id.* In the divorce action, Lisa Edwards alleged that irreconcilable differences had arisen in the marriage, the marriage was irretrievably broken, and there is

1

substantial reason for not continuing the marriage, entitling her to a Decree of Divorce. (Doc. 1-1). In the alternative, Lisa Edwards alleged that "if the Defendant does not agree that the marriage is [irretrievable broken] due to irreconcilable differences, the Plaintiff alleges that Defendant has been guilty of extreme cruelty and by his behavior has caused the Plaintiff to be nervous and upset." (Doc. 1-1). In her prayer for relief, Lisa Edwards sought a Decree of Divorce, a fair and equitable division of property and debts, the award of alimony, payment of her attorney's fees, restoration of her maiden name, and any other relief the Court deemed just and equitable. (Doc. 1-1).

B.   **Procedural History**

On July 12, 2023, *pro se* Plaintiff Geoffrey W. Edwards filed a Complaint in the United States District Court District of South Dakota, Southern Division against Attorneys Michael Stevens and Tyler Matson, and against Lisa May Edwards. Both Mr. Stevens and Mr. Matson are represented by counsel. To date, no counsel has entered an appearance on behalf of Ms. Edwards. In his Complaint, Plaintiff alleges that "defendant committed unlawful acts to coerce a judgment in their favor for a pretrial hearing and pending divorce action." (Doc. 1). Plaintiff contends that the purpose of these acts was to broaden the scope of the South Dakota Codified Laws to include party culpability in the division of assets. (Doc. 1). Plaintiff alleges the following "illegal actions" against Ddefendants: (1) denying Plaintiff due process; (2) perjury under oath against all three Defendants; (3) tampering with evidence against Defendant Matson; (4) failure to report a criminal enterprise in the exercise of his legal duty against Defendant Matson; (5) libel against Defendant Edwards; (6) suborning perjury against Defendant Stevens; (7) covering up a criminal conspiracy: (AKA Obstruction of Justice) against Defendants Matson and Stevens; (8) directing Defendant Edwards to Commit libel under oath in a legally binding court document against Defendants Stevens and Matson; and (9) attempting to deprive Plaintiff of property, Life and Liberty against all three Defendants. (Doc. 1).

In support of these actions, Plaintiff alleges that Attorneys Stevens and Matson violated his due process rights by "not informing [him] of any court action," by entering what Plaintiff characterizes as "factually inaccurate hearsay evidence into the public record without any input from Plaintiff" and by asserting in an Affidavit of Default that Plaintiff had not responded to the Summons and Complaint "in any manner." (Doc. 1). Plaintiff contends that this was done in order

2

to "mislead the court to acquire a fraudulent finding . . . (leading to the harm of allowing Defendant Edwards to remove Plaintiff's personal property from his domicile), and to seek discovery beyond the scope of SDCL 15-6-26(b) in requiring Plaintiff to answer Interrogatories and Requests for Production. (Doc. 1). Plaintiff claims that the divorce lawsuit was improper, stating "the thrust of the lawsuit was to destroy my reputation, relieve me of all my possessions, enslave me to a divorced spouse in perpetuity or force me to be homeless once again." (Doc. 1). Plaintiff further alleges that Attorneys Stevens and Matson "did encourage Defendant Edwards to lie under oath," citing to the allegation in the Divorce Complaint that Plaintiff had subjected her to Extreme Cruelty. (Doc. 1). Plaintiff alleges that Ms. Edwards committed libel by alternatively alleging Extreme Cruelty as a reason for the divorce in the event Plaintiff did not concede to Irreconcilable Differences. (Doc. 1). Finally, Plaintiff claims that Attorney Matson somehow "did destroy evidence of Plaintiff's Good Faith participation to satisfy the Summons" dated January 11, 2023. (Doc. 1). Plaintiff appears to base this allegation upon the filing of an Affidavit of Default in the underlying divorce action which asserted that Plaintiff had failed to respond to the Summons and Complaint. Plaintiff does not allege he filed any responsive pleading in the underlying divorce action before the attorneys filed the Affidavit of Default. However, Plaintiff alleges that he did respond to the summons by tendering a "settlement offer," providing proof of automobile insurance coverage, dental and vision care, and paying for Ms. Edwards' automobile insurance during the pendency of the divorce action and that Attorneys Stevens and Matson withheld evidence of this when filing the Affidavit of Default. (Doc. 1). Plaintiff characterizes Ms. Edwards's Motion for Temporary Support in the underlying divorce action as an attempt to further deceive the Court into believing that Plaintiff had not responded to the summons because it asked for support that Plaintiff alleges he was already providing Ms. Edwards. The Motion for Temporary Support sought, among other things, an order that Plaintiff "be required to continue paying for [Lisa Edwards'] dental and vision insurance at the same coverage level and that he be required to provide to [Ms. Edwards] a copy of the health, dental, and vision insurance cards" and that Plaintiff be required to continue paying for [Ms. Edwards'] car insurance at the same levels of coverage as when this divorce action began." (Doc. 1-1).

An addendum to Plaintiff's Complaint alleges that Defendants engaged in a criminal conspiracy to falsely accuse Plaintiff of immoral or unethical acts by attempting to hide evidence and encouraging Ms. Edwards to provide defamatory testimony. (Doc. 1). Plaintiff alleges that

"[t]he total crimes committed against him, outside of denying him his Constitutional rights under the 1st, 4th, 5th, 6th, and 13th amendments" are 1) malfeasance in office; 2) misprision: Tyler Matson's attempts at obfuscation; 3) obstruction of justice; 4) perjury, and 5) a RICO Act violation. (Doc. 1). The civil cover sheet to the Complaint states that the nature of the suit is a False Claim Act claim and indicates the cause of action arises under the 14th Amendment and Article VI of the U.S. Constitution and the RICO Act.

The same day that Plaintiff filed his Complaint, the Clerk's Office provided Plaintiff with Blank Summons forms and directed him to complete them and return them to the clerk's office for issuance. Docket 3 in this case bears the following text entry:

> NOTICE TO PLAINTIFF: The Clerks Office has received your Complaint together with the filing fee and no summons(es). A new case has been opened. We are unable to issue summon(es) at this time. Blank summons form and sample completed summons forms were hand delivered to you during your office visit. Follow the provided instructions to properly complete your summons(es). As soon as the Clerks Office receives your properly completed summons(es), it/they will be issued. Copy of docket sheet sent to plaintiff. Blank summons form, and sample completed summons form with instructions, Rule 73 and AO85 hand delivered.

(Doc. 3). On July 27, 2023, the Sheriff's Return of Personal Service of Summons in a Civil Action as to Defendants Edwards, Matson, and Stevens was filed with the Court. (Doc. 4). The summonses served upon Defendants Stevens and Matson, attached as an exhibit to the Affidavit of Delia M. Druley, were served on July 26, 2023, but were not signed by the Clerk of Courts, nor did they bear the Clerk's seal. (Doc. 12, Druley Aff., 2, Ex. 1). There is no entry on the docket indicating that the Clerk ever received completed summonses or issued them.

Defendants Michael Stevens and Tyler Matson move to dismiss Plaintiff Geoffrey W. Edwards's claims pursuant to Federal Rules of Civil Procedure 12(b)(4) for insufficient process, pursuant to 12(b)(1) for lack of subject matter jurisdiction, and pursuant to 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 10).

## DISCUSSION

### I.   Improper Summons Process

Defendants Stevens and Matson moved to dismiss under Rule 12(b)(4) Plaintiff's complaint for insufficient process on the basis that the summonses served upon Defendants

4

Stevens and Matson were not issued by the Clerk of Courts. Rule 4 of the Federal Rules of Civil Procedure provides in pertinent part:

**(a) Contents; Amendments.**
    (1) **Contents**. A summons must:
        (A) name the court and the parties;
        (B) be directed to the defendant;
        (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
        (D) state the time within which the defendant must appear and defend;
        (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
        (F) bear the court's seal.
    (2) **Amendments**. The court may permit a summons to be amended.
  (b) **Issuance**. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.
  (c) **Service**.
    (1) **In General**. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(a), (b), (c).

In this case, the summonses were served upon Defendants Edwards, Matson, and Stevens and proof of service was filed with the Court. (Doc. 4). However, the summonses were not issued by the Clerk of Court and did not bear the Clerk's signature or seal in violation of Fed. R. Civ. P. 4(a)(1)(F), (G). (Doc. 12-1). Defendant Lisa May Edwards has not responded to Plaintiff's Complaint and it appears from the docket sheet that the summons to Ms. Edwards was likewise not issued by the Clerk of Courts. It is unclear whether a copy of the Complaint was served with the summonses.

An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Charles Alan Wright et al., *Federal Practice & Procedure* Vol. 5B § 1353 (3d ed.) (Apr. 2023 update). A Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. *Id.* In the present case, Defendants Matson and Stevens have moved to dismiss for insufficient process under Rule 12(b)(4) on the basis that the

summonses do not contain the Clerk's seal or signature and were not issued by the Clerk of Courts. Only the court clerk may sign, seal and issue the summons; neither Rule 4(a) nor Rule 4(b) give the plaintiff or plaintiff's attorney authority to sign and issue a summons. Charles Alan Wright et al., *Federal Practice & Procedure* Vol. 4A § 1084 (4th ed.) (Apr. 2023 update). Absent service of a valid summons, a court lacks personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 4(i)(k); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (district court lacks jurisdiction where defendant is improperly served, whether or not defendant had actual knowledge of lawsuit); *Rixner v. White*, 417 F.Supp. 995, 997 (D.N.D. 1976) ("Although a defendant may have full knowledge that an action has been commenced against him, a court, nevertheless, lacks jurisdiction to enter a judgment against him unless personal jurisdiction has been obtained by strict compliance with the statute designating the method of obtaining such jurisdiction.").

In addressing a motion to dismiss based on Rule 12(b)(4), the court necessarily must review affidavits outside the pleadings. *Devin v. Schwan's Home Servs., Inc.*, Civ. No. 04-4555, 2005 WL 1323919, at *2 (D. Minn. May 20, 2005) (citing Wright & Miller, *Federal Practice and Procedure* Vol. 5B § 1353 (2004)). Reviewing such affidavits does not revert the motion to a motion for summary judgment. *Id.*; *see also* Fed. R. Civ. P. 12(d). Plaintiff bears the burden of establishing sufficiency and service of process. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).

"Dismissal of a case under Rule[] 12(b)(4) . . . is generally not appropriate where 'there is a reasonable prospect that the plaintiff will ultimately be able to serve defendant properly.' " *Cheeks v. Belmar*, Civ. No. 18-2091, 2019 WL 2568667, at *3 (E.D. Mo. Jun. 21, 2019) (citing Wright & Miller, § 1353). In such a case, the court may exercise its discretion to instead quash process and order conditions, including time constraints, within which the plaintiff may make a second attempt at service. *Id.* (citing Wright & Miller, § 1353); *see also Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citing Right & Miller, *Federal Practice and Procedure* § 1354 (1969)); *Moomey v. Express Messenger Sys., Inc.*, Civ. No. 2:21-00575, 2021 WL 57772268, at *2 (D. Utah Dec. 6, 2011).

In the present case, Plaintiff's Complaint was filed on July 12, 2023, and the Rule 4(m) service period ended on October 10, 2023.  Defendants' Motion to Dismiss was filed on August 16, 2023. (Doc. 10). While under the circumstances of this case, the Court would typically quash service and permit Plaintiff to re-serve, the Court declines to do so, finding such act to be futile in light of the Court's ruling, discussed in more detail below, that it lacks subject matter jurisdiction over this action and that Plaintiff has failed to state a claim upon which relief may be granted.

## II.      Subject Matter Jurisdiction and Failure to State a Claim

Defendants Stevens and Matson have moved to dismiss Plaintiffs' constitutional claims, § 1983 claim, False Claims Act claim, and claims based upon alleged criminal violations under Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. 11 at 71-80).  Defendants have also moved to dismiss Plaintiff's RICO claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  (Doc. 11 at 80).  Defendants urge the Court to exercise its discretion in declining supplemental jurisdiction over Plaintiff's remaining state law defamation, libel, and conspiracy claims.

The Court may address the issue of subject matter jurisdiction any time, including before Defendants have received sufficient process.  *See Kern v. Dep't of Justice*, Civ. No. 15-3008, 2015 WL 7307100, at *4 (D. Minn. Oct. 27, 2015); *see also, e.g. Hinojosa v. U.S. Atty. Gen.*, 759 F.Supp.2d 53, 53 (D.D.C. 2011) ("A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction."); *Green v. United States*, Civ. No. 10-241, 2010 WL 1816357, at *2, n.4 (N.D. Okla. Apr. 30, 2010) (same).

While typically, the Court may not address the merits of a cause of action under Rule 12(b)(6) before the Court has assumed personal jurisdiction over the defendants, the Court finds that Defendants have waived personal jurisdiction in this case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them."); *Bell v. Hood*, 327 US. 678, 682 (1946) (stating that if a court "exercise[s] its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits. . . .").  Rule 12(b) of the Federal Rules of Civil Procedure separate the defense of "(2) lack of

jurisdiction over the person" from the defense of "(4) insufficient process." Fed. R. Civ. P. 12(b). Other courts have recognized that this suggests that these defenses are not the same, and are not meant to be commingled or used interchangeably. *See, e.g. Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (8th Cir. 2000) (stating that the defendant's argument that he previously raised a personal jurisdiction defense by claiming that he "had not been properly served" "confuses two separate defenses under Rule 12(b)"); Wright & Miller, *Federal Practice & Procedure*, § 1353 Motions to Dismiss—Insufficiency of Process and Service of Process (3d. ed., April 2023 update) ("Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a federal court gives notice to the defendant and asserts jurisdiction over him."); *c.f. Yangming Marine Transp. Corp. v. Foremost Int'l, Inc.*, Civ. No. 88-1318, 1990 WL 17729, at *1 (S.D.N.Y. Feb. 16, 1990) ("insufficiency of service of process under Rule 12(b)(5) . . . [is] a quite different defense from lack of jurisdiction over the person under Rule 12(b)(2)"); *Scriptomatic, Inc. v. AgfaGevaert, Inc.*, Civ. No. 72-4482, 1973 WL 830, at *2 (S.D.N.Y. June 28, 1973) (since issues presented by Rule 12(b)(2) and Rule 12(b)(5) motions are different, the court considers such motions separately).

In the present case, Defendants raise the defense of "insufficient process" under Rule 12(b)(4) on the basis that Plaintiff's summonses do not bear the Clerk's signature nor the Clerk's seal and thus do not appear to have been issued by the Clerk of Courts. Absent from Defendants' Motion to Dismiss is an objection under Rule 12(b)(2) based on lack of personal jurisdiction. Because Defendants have failed to raise the defense of lack of personal jurisdiction in their Motion, and because they have appeared before this Court and have also moved to dismiss the complaint for lack of subject matter jurisdiction and on the merits under Rule 12(b)(6), the defense of personal jurisdiction has been waived. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guiness*, 456 U.S. 694, 701, 704 (1982) (stating that personal jurisdiction is an individual right that may be waived by appearance, by not timely raising the defense in an answer or responsive pleading, or by conduct that amounts to a "legal submission to the jurisdiction of the court, whether voluntary or not."); *First Liberty Ins. Corp. v. Examworks, LLC*, Civ. No. 4:20-4061, 2023 WL 6049509, at *3 (D.S.D. Sept. 15, 2023) (quoting *Means v. U.S. Conf. of Cath. Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) ("[A] defendant waives its personal jurisdiction defense if submissions, appearances and filings give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or cause the court to go to some effort that would be wasted if personal

jurisdiction is later found to be lacking.")).  The Court will address below Defendants' Rule 12(b)(1) motion for lack of subject matter jurisdiction and their Rule 12(b)(6) motion for failure to state a claim.

A.      **Lack of Subject Matter Jurisdiction**
        1.      **Standard of Review**

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)).  "The power of federal courts to hear and decide cases is defined by Article III of the Constitution and by the federal statutes enacted thereunder." *Karcher v. May*, 484 U.S. 72, 77 (1987).  While the Court holds Plaintiff's pro se complaint to a less stringent standard than formal pleadings drafted by an attorney, *see Smith v. St. Bernards Regional Med. Center*, 19 F.3d 1254, 1255 (8th Cir. 1994), Plaintiff, as the party asserting federal jurisdiction, bears the burden of establishing that federal jurisdiction exists, *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Subject matter jurisdiction "may be raised at any time." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); Fed. R. Civ. P. 12(h)(3).  As such, this Court may address the issue of subject matter jurisdiction any time, including before Defendants have received sufficient process.  *See Kern v. Dep't of Justice*, Civ. No. 15-3008, 2015 WL 7307100, at *4 (D. Minn. Oct. 27, 2015); *see also, e.g.; Hinojosa v. U.S. Atty. Gen.*, 759 F.Supp.2d 53, 53 (D.D.C. 2011) ("A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction."); *Green v. United States*, Civ. No. 10-241, 2010 WL 1816357, at *2, n.4 (N.D. Okla. Apr. 30, 2010) (same); *Rutledge v. Skibicki*, 844 F.2d 792, 1988 WL 31930, at *1 (9th Cir. 1988) (unpublished) ("The district court may . . . dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous.").

Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) allow the Court to dismiss cases for want of subject matter jurisdiction.[1] Here, Defendants have moved pursuant to Rule 12(b)(1) to dismiss Plaintiff's complaint on the basis of lack of subject matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* A dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and therefore should be a dismissal without prejudice. *See Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 696 (8th Cir. 2019) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.") (citation omitted).

The Supreme Court has held that "[i]t is firmly established in our cases that the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89-90 (1998). "Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy." *Bell v. Hood*, 327 U.S. 678, 682 (1946). Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (2016) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)).

## 2. Discussion

### i. *Plaintiff's Constitutional Claims*

---

[1] A Rule 12(h)(3) motion to dismiss is analyzed under the same standards as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Flute v. United States*, Civ. No. 4:18-4112, 2019 WL 3325353, at *3 (D.S.D. Jul. 24, 2019) (citing *Gates v. Black Hills Health Care Sys. (BHHCS)*, 997 F.Supp.2d 1024, 1029 (D.S.D. 2014)) (citing *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 879 n.3 (3d Cir. 1992)). A Rule 12(h)(3) motion to dismiss differs from a Rule 12(b)(1) motion only in that it can be brought at any time, by any party or interested individual, or considered *sua sponte* by the court; a Rule 12(b)(1) motion by contrast must be made before any responsive pleading. *Id.* (citing Fed. R. Civ. P. 12(b); 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1350 (3d ed.)).

### a. *Due process claims*

In his Complaint, Plaintiff claims that his due process rights were violated by the alleged actions of Attorney Stevens and Matson and by Ms. Edwards. Plaintiff does not specify whether he is seeking to vindicate his due process rights under the Fifth Amendment or the Fourteenth Amendment. The Court will therefore address both claims. The Fifth Amendment of the United States Constitution provides, in relevant part, that "No person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fifth Amendment applies only to the conduct of the federal government, not of private persons. *See United States v. Garlock,* 19 F.3d 441, 442 (8th Cir. 1994) (citing Colorado v. *Connelly,* 479 U.S. 157, 166 (1986) (stating that even "outrageous behavior by a private party" does not violate the Fifth Amendment)). While "the government can exercise such control over a private actor such that a 'private' action can fairly be attributed to the government for purposes of the Fourth and Fifth Amendment," Plaintiff has not alleged any facts that would establish such control over Attorneys Stevens or Matson by the federal government. *See id.* at 443. The federal government has no interest or involvement in a divorce action in South Dakota State court between private parties. Accordingly, the Court finds that Plaintiffs' attempt to invoke this Court's federal question jurisdiction based upon alleged violations of Plaintiff's Fifth Amendment due process rights fails.

Plaintiff's attempt to invoke federal question jurisdiction based upon alleged due process violations under the Fourteenth Amendment is similarly deficient. The Fourteenth Amendment provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law. . . ." The Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to the acts of the states, not to acts of private persons or entities. *Rendell-Baker v. Kohn,* 457 U.S. 830, 837-38 (1982). Under the facts alleged, Attorneys Stevens and Matson and Ms. Edwards were acting as private persons in the divorce action in state court. Plaintiff's due process claims are therefore dismissed for lack of subject matter jurisdiction.

### b. *Sixth Amendment Claim*

Plaintiff alleges that he was deprived of his Sixth Amendment rights. The Sixth Amendment provides that:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

U.S. Const. amend. VI. The Sixth Amendment does not apply to civil proceedings, only criminal proceedings. *Id.*; *Maati v. Nebraska*, Civ. No. 8:12-314, 2014 WL 36287, at *10 (D. Neb. Jan. 6, 2014) ("By its express terms, this right extends only to criminal proceedings."). This case arises from Plaintiff's divorce action in state court—a civil proceeding. Plaintiff's assertion that his Sixth Amendment rights were violated does not provide a valid basis for federal question subject matter jurisdiction.

### c. *Thirteenth Amendment claim*

Plaintiff's asserts that his Thirteenth Amendment rights were violated in unspecified ways. Section One of the Thirteenth Amendment provides that: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. Section Two provides that "Congress shall have power to enforce this article by appropriate legislation." U.S. Const. amend. XIII, § 2. The Thirteenth Amendment is applicable to " ' those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.' " *United States v. Kozminski*, 487 U.S. 931, 942 (1988) (citation omitted). "Based upon this narrow interpretation of the Thirteenth Amendment, federal courts have consistently rejected 'slavery' and 'involuntary servitude' claims that are based upon circumstances that are not truly 'akin to African slavery.' " *Larson v. Swanson*, Civ. No. 09-2270, 2009 WL 3246854, at *2 (D. Minn. Oct. 5, 2009).

Here, it is unclear exactly what Plaintiff is alleging amounts to an involuntary servitude violation of the Thirteenth Amendment. It seems that Plaintiff may be asserting that Attorneys Stevens and Matson's pursuit of the divorce remedies of property division and alimony somehow amount to forced servitude. Any claim by Plaintiff that pursuit of a client's available legal remedies in a divorce action is akin to African slavery is "completely devoid of merit" and does not involve a federal controversy. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

12

#### d.   *Article VI of the Constitution*

In Plaintiff's Civil Cover Sheet, he wrote that "Article VI of the Constitution of the United States" was one of the federal statutes under which he was filing. Article VI provides that:

> All debts contracted and engagements entered into, before the adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation.
>
> This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.
>
> The Senators and Representatives before mentioned, and the members of the several state legislators, and all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this Constitution; but no religious test shall ever be required as qualification to any office or public trust under the United States.

U.S. Const., art. VI.

The civil cover sheet is an administrative aid to the court clerk and is not part of a litigant's pleading papers. *Krueger v. Vichich*, Civ. No. 4:23-4079, 2023 WL 4493437, at *3 (D.S.D. Jul. 12, 2023) (citing *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (*per curiam*)); *see also* Fed. R. Civ. P. 7 (defining pleading to include the complaint, but not the civil cover sheet). The civil cover sheet (JS 44) in this case specifically states that "the information contained herein neither replace[s] nor supplement[s] the filing and service of pleadings or other papers as required by law[.]" Plaintiff's complaint cannot therefore supplement the pleadings to establish subject-matter jurisdiction.

Even if the Court considered the civil cover sheet as a supplement to Plaintiff's pleadings, the Supremacy Clause is not a source of any federal rights and does not create a personal cause of action. *Armstrong v. Exception Child Center, Inc.*, 575 U.S. 320, 324-25 (2015). The same holds true for the "debts clause" and the "oaths of office clause."

#### ii.   *Section 1983 claim*

In their brief in support of the motion to dismiss, Defendants acknowledge that while Plaintiff does not explicitly cite to 42 U.S.C. § 1983, they address such a claim in the event Plaintiff

is attempting to plead a civil rights action under section 1983. "Section 1983, which was enacted pursuant to the authority of Congress to enforce the Fourteenth Amendment, prohibits interference with federal rights under color of state law." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Section 1983 "imposes liability for certain action taken 'under color of' law that deprive a person 'of a right secured by the Constitution and laws of the United States.'" *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931 (1982)). While the Court must liberally construe plaintiff's pro se complaint, it is not required to construct a legal theory that assumes fact that have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 913 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Plaintiff does not allege that Attorneys Stevens and Matson were acting under color of state law while representing Plaintiff's wife in the underlying divorce action, nor does the Court see how this could be so. Accordingly, any section 1983 claim alleged by Plaintiff does not provide a basis for federal question jurisdiction.

### iii.    *Plaintiff's claims based upon alleged criminal violations*

Plaintiff alleges that his claims (what he calls the "total crimes committed against the Plaintiff") are: 1) malfeasance in office; 2) misprision: Tyler Matsons' attempts at obfuscation; 3) obstruction of justice; 4) perjury; and 5) probably a violation of the Rico Act. While Plaintiff does not cite the corresponding federal statutes, there are federal criminal statutes for obstruction of justice, perjury, and misprision. *See, e.g.*, 18 U.S.C. § 1503 (influencing or injuring officer or juror generally); 18 U.S.C. § 1505 (obstruction of a pending proceeding); 18 U.S.C. § 1621 (perjury generally); 18 U.S.C. § 1623 (false declarations before grand jury or court); 18 U.S.C. § 4 (misprision of felony).

It is well established that federal criminal statutes generally do not provide private rights of action. *See, e.g. Firson v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) ("'Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are . . . poor candidates for the imputation of private rights of action . . . .'") (citation omitted). As the Supreme Court has explained, "the fact that a statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). Rather, a private right of action to enforce a federal law must be created by Congress. *Alexander v. Sanfoval*, 532 U.S. 275, 286

14

(2001). A criminal statute may provide an implied right of action if Congress intended to do so in enacting the statute. *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 407 (8th Cir. 1999) (citing *Thompson v. Thompson*, 484 U.S. 174, 1790 (1988)). In order to determine whether a private right of action exists, a court must consider four factors:

(1) Whether the plaintiff is a member of the class for whose benefit the statute was enacted;
(2) Whether Congress intended, explicitly or implicitly, to create such a remedy;
(3) Whether a private remedy is consistent with the underlying legislative scheme; and
(4) Whether a private right based on a federal statute would interfere with an area relegated to state law.

*Wisdom*, 167 F.3d at 407. The "ultimate issue" of this analysis is the intent of Congress, and "unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988).

A number of courts have considered whether the federal criminal statutes for obstruction of justice provide a private remedy and have held that they do not. *See, e.g. Horde v. Elliot*, Civ. No. 17-880, 2018 WL 987683, at *9 (D. Minn. Jan. 9, 2018) (finding that there is no private right of action for obstruction of justice) (citing *Townsend v. Pub. Storage Inc.*, Civ. No. 1:13-1600, 2014 WL 1764432, at *4-5 (N.D.N.Y. Apr. 30, 2014) (stating "Plaintiff may not bring her action as a claim for obstruction of justice under any of the statutes in the section on obstruction of justice" and citing cases); *Hopson v. Shakes*, Civ. No. 3:12-722, 2013 WL 1703862, at *2 (W.D. Ky. Apr. 19, 2013) (holding "[t]he federal obstruction of justice statutes, 18 U.S.C. §§ 1501 et seq., do not provide for a private cause of action or civil remedies" and citing cases). There is similar authority holding that there is not private right of action under the federal perjury statutes. *See, e.g., Faraldo v. Kessler*, Civ. No. 08-261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (collecting cases); *Kapacs v. Brunsell*, Civ. No. 18-3089, 2018 WL 6977600, at *4 (D. Minn. Nov. 6, 2018), *report and recommendation adopted*, 2019 WL 121252, at *1 (D. Minn. Jan. 7, 2019) (no private right of action under 18 U.S.C. §§ 1621 or 1623). Finally, courts who have considered whether the federal misprision statute provides a private right of action have concluded that it does not. *See Pankey v. Webster*, 816 F.Supp. 553, 559 (W.D. Mo. 1993) ("18 U.S.C. § 4 defines a criminal offense and does not provide civil complainants with a private right of action."); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985) (same). Accordingly, these federal criminal statutes cannot be the basis for this Court's federal question jurisdiction.

15

### iv.    False Claims Act

In his civil cover sheet, Plaintiff indicated that he is proceeding under the "False Claims Act." The False Claims Act "prohibits false or fraudulent claims for payment to the United States, 31 U.S.C. § 3729(a), and authorizes civil actions to remedy such fraud to be brought by the Attorney General, § 3730(a), or by private individuals in the Government's name, § 3730(b)(1)." *Rockwell Int'l Corp. v. United* States, 549 U.S. 457, 463 (2007). The False Claims Act is concerned with fraud against the federal government. *See Olson v. Fairview Health Servs. of Minnesota*, 831 F.3d 1063, 1069 (8th Cir. 2016) ("Congress passed the False Claims Reform Act with the stated purpose of 'enchanc[ing] the Government's ability to recover losses sustained as a result of fraud against the Government'. . . .The False Claims Reform Act financially incentivized enforcement by private individuals in hopes that a coordinated effort between government and citizens would stem the defrauding of public funds."). Although Plaintiff mentions the False Claims Act in his Civil Cover Sheet, Plaintiff's Complaint is devoid of any mention or allegations relating to a False Claims Act claim or fraud perpetrated upon the federal government. Accordingly, Plaintiff cannot invoke the False Claims Act as the basis for this Court's subject matter jurisdiction.

### B.    Failure to State a Claim

Defendants have moved to dismiss Plaintiff's RICO claim under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

#### 1.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court assessing such a motion must accept all factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010); *Brooks v. Midwest Heart Group*, 655 F.3d 796, 799 (8th Cir. 2011). Courts consider "plausibility" by " 'draw[ing] on [their own] judicial experience and common sense.' " *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts must " 'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.' " *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010)).

In considering a 12(b)(6) motion to dismiss, courts primarily look to the complaint and " 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

### 2. Discussion

Plaintiff alleges that Attorneys Stevens and Matson's purported conduct in the underlying divorce action is "probably a violation of the Rico Act." Plaintiff provides no detail as to why he believes the actions of the attorneys in the underlying case are probably in violation of RICO, and makes no factual allegations directed at addressing the elements of a civil RICO claim.

The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). "RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of' its substantive prohibitions." *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). To state a claim under § 1962(c), a plaintiff must establish: (1) the existence of an enterprise; (2) conduct by the defendants in association with the enterprise; (3) the defendants' participation in at least two predicate acts of racketeering; and (4) conduct that constitutes a pattern of racketeering activity. *In re Sac & Rox Tribe of Mississippi in Iowa/Meskwaki Casino Litig.*, 340 F.3d 749, 767 (8th Cir. 2003).

As to the first element, a RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An association-in-fact enterprise must have at least three structural features: a (1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering. *United States v. Lee*,

374 F.3d 637, 647 (8th Cir. 2004).  "[T]he existence of an enterprise is an element distinct from the pattern of racketeering activity and proof of one does not necessarily establish the other." *Boyle v. United States*, 556 U.S. 938, 947 (2009) (internal quotation and citation omitted).  In deciding whether an alleged RICO enterprise has an ascertainable structure distinct from the pattern of racketeering activity, a court must "determine if the enterprise would still exist were the predicate acts removed from the equation." *Handeen v. Lemaire*, 112 F.3d 1339, 1352 (8th Cir. 1997).  Here, Plaintiff has failed to allege any facts supporting the existence of a RICO enterprise distinct from a pattern of racketeering activity.

As to the second element, Plaintiff has not pleaded conduct by Attorneys Stevens and Matson in association with the alleged RICO enterprise.  In order to satisfy the second element, the Eighth Circuit has explained that "one must participate in the operation or management of the enterprise itself" to be subject to liability under section 1962(c). *Handeen*, 112 F.3d at 1348.  This requirement is built upon the recognition that "Congress did not mean for § 1962(c) to penalize all who are employed by or associated with a RICO enterprise, but only those who, by virtue of their association or employment, play a part in directing the enterprise's affairs. *Id*.  In this case, Plaintiff has alleged that Attorneys Stevens and Matson provided professional legal services to Lisa Edwards in the underlying divorce action.  Plaintiff's Complaint is completely devoid of any allegations that Attorneys Stevens and Matson played a part in directing the affairs of any RICO enterprise.

With regard to element three, Plaintiff's Complaint does not provide any detail regarding what he considers to be Attorneys Stevens and Matsons' alleged predicate acts of racketeering within the meaning of 18 U.S.C. § 1961. The statute provides an exhaustive list of "predicate acts" that qualify under the statute, 18 U.S.C. § 1961(1), and Plaintiff does not plead any of these enumerated activities.  Plaintiff's pleadings contain references to alleged destruction of evidence and alleged perjury in the underlying state court divorce action.  Even if they were true, which Defendants argue they are not, numerous courts have held that the filing of false or fraudulent documents in litigation cannot be the basis of a RICO claim. *See, e.g., Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018) (collecting cases and stating "[w]e agree with the reasoning of these opinions and conclude that allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act."); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833

F.3d 512, 524-25 (5th Cir. 2016) (finding that obstructive acts by attorneys in legal proceedings were not criminal predicate acts under RICO and thus do not constitute a civil RICO violation); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003) (deciding that plaintiff's allegations of bad-faith litigation do not state the predicate act of extortion and that tampering with a witness may be a predicate act only if done in a federal proceeding, not a state proceeding); *Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F.Supp.2d 153, 171-72 (E.D.N.Y. 2010) (collecting cases from district courts in the Second Circuit deciding "that the litigation activities alleged in [the complaint before the court] cannot properly form the basis for RICO predicate acts" and are more properly construed as claims sounding in abuse of process or malicious prosecution); *Speight v. Benedict*, Civ. No. 5:05-542, 2007 WL 951492, at * n.2 (N.D.N.Y. Mar. 28, 2007) ("The Court also notes that suborning perjury, perjury, filing a court action, filing a false affidavit, and giving false testimony do not constitute predicates acts within the meaning of the RICO statute."); *Naramanchi v. Adanti*, 101 F.3d 108 (2d Cir. 1996) (unpublished) ("As to the RICO allegation, we note that perjury does not constitute a predicate act under the statute."). According, Plaintiff has failed to establish the requisite predicate act to assert a RICO claim.

Based on the foregoing, the Court finds that Plaintiff has failed to state a civil RICO claim under the facts alleged and that such a claim may not form the basis of the Court's federal question jurisdiction.

### III.   Because no basis for federal jurisdiction exists, the Court must also dismiss Plaintiff's libel claim.

Plaintiff contends that Attorneys Stevens and Matson, while acting as attorneys for Lisa Edwards in the divorce proceeding, engaged in a conspiracy[2] to defame Plaintiff and allege a libel and defamation claim against Ms. Edwards. Plaintiff does not cite the statutes under which he is bringing these claims. South Dakota recognizes a cause of action for civil conspiracy. *Reuben C. Setliff, III, M.D., P.C. v. Stewart*, 694 N.W.2d 859, 866 (S.D. 2005). A civil conspiracy is not an independent cause of action, but is sustainable only after an underlying tort claim has been

---

[2] Plaintiff alleges that Attorneys Stevens and Matson were involved in a criminal conspiracy to defame him. Because Plaintiff lacks standing to enforce a criminal conspiracy statute, and because Plaintiff has alleged a conspiracy to commit a tort, the Court will construe Plaintiff's claim as a civil conspiracy claim. *See Smith v. Barnett*, Civ. No. 4:20-4066, 2020 WL 6205760, at *10 (D.S.D. Oct. 22, 2020).

established. *Id.* (internal quotation and citation omitted). "A civil conspiracy is, fundamentally, an agreement to commit a tort." *Id.* (internal quotation and citation omitted). The underlying torts alleged to have been committed in this case are defamation and libel. These too are state law claims, as there are no federal libel or defamation statutes. *See Turntine v. Peterson*, 959 F.3d 873, 879 (8th Cir. 2020) (finding that the plaintiff's state law defamation claims did not require "resolution of a substantial, disputed federal question" so as to implicate federal-question jurisdiction); *Bell v. Price*, Civ. No. 08-323, 2009 WL 10697637, at *4 (S.D. Iowa Aug. 14, 2009) (declining to exercise supplemental jurisdiction over state-law libel, slander, and defamation claims). Having dismissed the federal law claims for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law civil conspiracy, defamation, and libel claims.

Accordingly,

IT IS HEREBY ORDERED:

1. that Defendants' Rule 12(b)(4) Motion to Dismiss (Doc. 10) is DENIED;

2. that Defendants' Rule 12(b)(1) Motion (Doc. 10) is GRANTED;

3. that Defendants' Rule 12(b)(6) Motion (Doc. 10) is GRANTED;

4. that Plaintiffs' Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted;

5. Plaintiff's Motion to Electronically File Documents (Doc. 5) is DENIED;

6. Plaintiff's Motion for Automatic Deadline Extensions (Doc. 14) is DENIED; and

7. Plaintiff's Motion to Order a Proper Responsive Pleadings and Order for Sanctions on the Defense in the Amount of $500 (Doc. 16) is DENIED.

Dated this 2nd day of November, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

_____

21